587 S.E.2d 105

**In the Matter of David R. HARRISON, Respondent.**

**No. 25725.**

Supreme Court of South Carolina.

Submitted Aug. 29, 2003.

Decided Sept. 29, 2003.

Order of Reinstatement Oct. 29, 2003.

Henry B. Richardson, Jr., Susan M. Johnston, and C. Tex Davis, all of Columbia, for the Office of Disciplinary Counsel.

David R. Harrison, of Pickens, Pro Se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule

2

413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a thirty day suspension from the practice of law. We accept the agreement and suspend respondent from the practice of law for thirty days.[1] The facts, as set forth in the agreement, are as follows.

### Facts

Respondent was retained to represent a client and her children with regard to injuries sustained in an automobile accident. Respondent failed to reduce the contingency fee agreement to writing.

Over a period of four years, respondent never communicated in writing with the client and only had three meetings with the client. The client initiated all contact with respondent regarding her case.

Within three months of agreeing to represent the client, respondent learned that the client's physicians did not support the contention that the client's injuries were caused by the car accident. However, respondent failed to render candid advice to the client regarding the merits of her case. When the client contacted respondent to inquire about the status of her case, respondent repeatedly told her he was working on the case and, on one occasion, told her the case was "on the docket." Respondent failed to inform the client of the applicable statute of limitations. When the client finally confronted respondent about the lack of progress with her case, respondent informed her that he had never filed the lawsuit because he and the client "would be laughed out of court."

Respondent's deceit and misrepresentation prevented the client from seeking competent legal advice and making an informed decision regarding the merits of her case. As a result of respondent's inaction and failure to render timely legal advice, the client has been barred from any recovery for herself or her children due to the expiration of the statute of limitations.

---

1. Respondent has received two prior private reprimands and a letter of caution for unrelated misconduct. He also received a ninety day suspension for failure to pay state income taxes. *In the Matter of Harrison,* 322 S.C. 444, 472 S.E.2d 620 (1996).

## *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, keep the client reasonably informed about the status of the matter, and promptly comply with reasonable requests for information); Rule 1.5(c) (a contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined and upon conclusion of the matter the lawyer shall provide the client with a written statement stating the outcome of the matter, the remittance to the client, if there is a recovery, and the method of its determination); Rule 1.16(d) (while a lawyer may withdraw from representation of a client if the client insists upon pursuing an objective the lawyer considers imprudent, upon termination of representation, the lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned); Rule 2.1 (in representing a client, a lawyer shall exercise independent professional judgment and render candid advice); Rule 3.2 (a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client); and Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct).

Respondent also admits that his misconduct constitutes grounds for discipline under Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.

## *Conclusion*

We hereby accept the Agreement for Discipline by Consent and suspend respondent from the practice of law in this state for thirty days. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court

4

showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

MOORE, J., not participating.

## ORDER

On September 29, 2003, Respondent was suspended from the practice of law for a period of thirty days. He has now filed an affidavit requesting reinstatement pursuant to Rule 32, of the Rules for Lawyer Disciplinary Enforcement contained in Rule 413, SCACR.

The request is granted and he is hereby reinstated to the practice of law in this state.

JEAN H. TOAL, CHIEF JUSTICE

BY: s/Brenda F. Shealy
    Deputy Clerk